*244
 
 DEVINE, J.
 

 Appellant a lifeguard at a swimming pool, was convicted of having violated section 288 of the Penal Code by touching the body of a 12-year-old girl, with the intent of arousing and gratifying his sexual desires. The girl’s testimony was that defendant put his hand inside her bathing suit, while both persons were in the water, and touched her private parts about four times. She complained to her mother. Defendant, upon his arrest, told a deputy sheriff that he might have touched the girl’s private parts, but if so, he did so accidentally while teaching her to swim or lifting her from the pool.
 

 The case was tried with a similar charge involving another girl, 10 years old. The girl was somewhat confused on dates and apparently hesitant in her testimony. The jury acquitted on this charge.
 

 Defendant did not testify. He does not challenge the sufficiency of the evidence, but rests his appeal on the claim that it was error to allow the testimony of two other girls, aged 11 and 12, that similar molestations had been practiced on them in swimming pools by defendant, within about a month of the time of the offense on which defendant was convicted.
 

 In each case, defendant was in the water with the girl, teaching a somersault or helping the girl in some way; in each, the incident was at an hour when few people were present, and these were at some distance from the incident.
 

 The single contention made by appellant is that it was error to permit, over his objection, testimony of the incidents involving the two girls who were not named in the information. He concedes that such evidence might have been admissible in rebuttal if he had testified, depending on the content of his testimony, but asserts that it is not admissible in the case in chief.
 

 We conclude that the evidence was properly admitted: First, to show the specific intent to arouse sexual desires, an essential element of the offense as created by the statute, and an element put in issue by defendant’s plea of not guilty. Although where the specific intent is unequivocal, evidence of other offenses is not admissible, the evidence is properly admitted where the intent accompanying the act is equivocal, or where it is claimed by the defendant that the act was the result of mistake, accident or inadvertence.
 
 (People
 
 v.
 
 Glass,
 
 158 Cal. 650, 656 [112 P. 281];
 
 People
 
 v.
 
 Channell,
 
 136 Cal.App.2d 99, 112 [288 P.2d 326];
 
 People
 
 v.
 
 Freylas,
 
 157 Cal.App.2d 706, 719 [321 P.2d 782];
 
 People
 
 v.
 
 Tawney,
 
 168
 
 *245
 
 Cal.App.2d 599, 615 [336 P.2d 659].) In this case, apart from defendant’s explanation, discussed below, the circumstance of the character of defendant’s employment made for an equivocal character of intent. Second, to show common plan or design, namely, to commit the offenses while in the pool, while the girl and defendant were removed from the immediate presence of others.
 
 (People
 
 v.
 
 Malloy,
 
 199 Cal.App.2d 219, 232 [18 Cal.Rptr. 545].) And, third, to rebut the statement made to the sheriff in so far as that statement contained the claim that the touching was accidental. It does not seem to be an important distinction that this purported explanation, accidental contact, was made in a statement to the sheriff rather than in testimony at the trial, which defendant did not choose to present. Defendant’s statement to the sheriff contained the admission that he might have touched the girl while lifting her out of the pool, and the prosecution was entitled to put this admission into evidence. The district attorney could not have introduced only this part of the statement without subjecting himself to a charge of bad faith, and had to include defendant’s explanation. Having done so, he was not obliged to allow the explanation to go unchallenged, but was free to rebut it by the testimony of the other girls.
 

 Judgment affirmed.
 

 Draper, P. J., and Salsman, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied August 22, 1962. Peters, J., and White, J., were of the opinion that the petition should be granted.