[Crim. No. 14295. Second Dist., Div. Five. Oct. 4, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. FRANCIS LEO GREGG, Defendant and Appellant.

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and John M. Huntington, Deputy Attorney General, for Plaintiff and Respondent.

KAUS, P. J.—Defendant was convicted of a violation of section 11501 of the Health and Safety Code—sale of heroin. Trial was to a jury.

The People's evidence showed that on August 30, 1966, defendant sold a quarter of a gram of heroin to Officer Rogers in room 29 of the Charles Hotel. According to Rogers' testimony, at the time of the sale defendant was injecting himself with what Rogers "felt" was heroin. Defendant asked Rogers whether he wanted to use the "outfit." Rogers declined and left. Gregg was arrested two weeks later.

Defendant testified that on the day in question he did not have a room at the Charles Hotel, that he had never seen Officer Rogers and that he had never given the red balloon which had contained the heroin to Officer Rogers.

■ Defendant's direct testimony contained no claim of ignorance of the narcotic nature of heroin. (Cf. *People* v. *Westek*, 31 Cal.2d 469, 475-481 [190 P.2d 9].)

On cross-examination the prosecutor, without objection, ascertained that at the time of the alleged crime defendant "might have been" using heroin "off and on." The following questions and answers were all admitted over repeated defense objections:

"Q This substance in the vial, what does it look like to you? . . . THE WITNESS: Well, I couldn't really tell. I would say it looks like it could be anything actually. Q BY MR. WEBB: Have you ever seen a substance like that before in a small balloon? . . . THE WITNESS: Yes. Q BY MR. WEBB: Heroin is packaged and sold in balloons of that size, isn't that correct? A Sometimes. . . . Q BY MR. WEBB: In fact, you have bought it in that particular amount, packaged in a balloon, haven't you? . . . THE WITNESS: Yes. Q BY MR. WEBB: And in the amount shown there in that vial? A Yes. Q About how much, from your own experience, how much would that amount cost? . . . THE WITNESS: I would say at least $5. Q BY MR. WEBB: Would you say the amount in that balloon is about enough for one fix? . . . THE WITNESS: Well, I couldn't answer that your Honor, because, it's according to how strong it is. If that was pure, you couldn't shoot that much without passing out or something. Q BY MR. WEBB: Have you ever bought pure heroin in a small amount like that? . . . THE WITNESS: No."

It was contended by the People at the trial and it is argued here that this evidence was admissible to show knowledge of the narcotic nature of the substance which Officer Rogers claimed to have purchased. (*People* v. *Soto*, 245 Cal.App.2d 401 [53 Cal.Rptr. 832]; *People* v. *Horn*, 187 Cal.App.2d 68, 75 [9 Cal.Rptr. 578].)

It is difficult to believe that there was any genuine issue of knowledge in this case. The jury would have had to do some rather peculiar fact finding if at the end of defendant's direct testimony it had believed beyond a reasonable doubt that defendant delivered the heroin to Rogers but did not know the narcotic nature of the contents of the balloon. Realistically, knowledge was a red herring. ''Before an issue can be said to be raised, which would permit the introduction of such evidence so obviously prejudicial to the accused, it must have been raised in substance if not in so many words, and the issue so raised must be one to which the prejudicial evidence is relevant. *The mere theory that a plea of not guilty puts everything material in issue is not enough for this purpose. The prosecution cannot credit the accused with fancy defenses in order to rebut them at the outset with some damning piece of prejudice.*'' (*Thompson* v. *The King,* [1918] App.C. 221, 232. (Italics added.) The sole effect of the cross-examination was to show a criminal disposition from which, in the eyes of the jury, it followed that Officer Rogers, rather than defendant, spoke the truth. Such reasoning is not permissible. (*People* v. *Lapin,* 138 Cal.App.2d 251, 259 [291 P.2d 575].)

The People are, of course, entitled to offer evidence on every issue in the case, but the notion that a plea of not guilty automatically entitles the prosecution to use evidence of other crimes to prove an element of the crime charged is incorrect and was recently disapproved by the Supreme Court in *People* v. *Kelley,* 66 Cal.2d 232 [57 Cal.Rptr. 363, 424 P.2d 947]. *Kelley* was a prosecution for violations of sections 288 and 288a of the Penal Code—lewd or lascivious acts upon the body of a child under 14 and sex perversion. The question was whether evidence of oral intercourse with adults[1] was properly admitted. Relying on statements in *People* v. *Honaker,* 205 Cal.App.2d 243, 244 [22 Cal.Rptr. 829] and *People* v. *Malloy,* 199 Cal.App.2d 219, 232-233 [18 Cal.Rptr. 545],[2] the People argued that the evidence in question showed that defendant obtained gratification through oral copulation which bore upon the question of intent. The court did not agree and

[1]The victim in *Kelley* was defendant's 8-year-old stepson. The other offenses involved an oral sexual encounter with a man in 1940, from which defendant apparently received no gratification and oral copulation with his first and second wives.

[2]''The defendant by his plea of not guilty put in issue every material allegation of the accusatory pleadings and thus raised the issue of the defendant's intent.''

specifically disapproved *Honaker* and *Malloy* in that respect: ". . . It is not and should not be the law, however, that defendant's not guilty plea places his intent in issue so that proof of sex offenses with others is *always* admissible. Such evidence is admissible in cases where the proof of defendant's intent is ambiguous, as when he admits the acts and denies the necessary intent because of mistake or accident. (*People* v. *Westek, supra*, 31 Cal.2d 469, 480-481; *People* v. *Honaker, supra*, 205 Cal.App.2d 243.) But where the acts, if committed, indisputably show an evil intent and the defendant does not specifically raise the issue of intent, the better reasoned cases hold that evidence of other crimes is admissible only when they were performed with the prosecuting witness (*People* v. *Sylvia, supra*, 54 Cal.2d 115 [4 Cal.Rptr. 509, 351 P.2d 781]), or where the offenses are not too remote and are similar to the offense charged and are committed with persons similar to the prosecuting witness. Then they are admissible as showing a common scheme or plan. (*People* v. *Malloy, supra*, 199 Cal. App.2d 219; *People* v. *Honaker, supra*, 205 Cal.App.2d 243.)'' (*Ibid.*, pp. 242-243.)

There is of course no question of a "common scheme or plan" in this case.

In *Kelley* the Supreme Court also noted that California law concerning the admissibility of other sex offenses to prove intent was "not altogether clear" and in a state of "some confusion."

We find the law similarly confused when we turn from sex and intent to drugs and knowledge. There are a number of cases which permit evidence of other narcotic offenses on the question of knowledge in the absence of a genuine issue on that point. Typical is *People* v. *Tabb*, 137 Cal.App.2d 167 [289 P.2d 858]. In *Tabb* a state agent was introduced to defendant by an informer. Defendant was told that the agent wanted to buy marijuana. Defendant named a price. Defendant made two unsuccessful attempts to obtain marijuana. The next day the agent met defendant again. This time he handed the agent a paper bag and asked him if he wanted to see whether "it" was any good. The agent looked into the bag and saw marijuana. At the trial defendant denied any contact with the agent before his preliminary hearing and denied all of the incidents to which the agent had testified. He admitted knowing the informer and knowing that he was an addict. Evidence of prior acquaintance with marijuana was held to have been properly admitted because "one element of

the offense to be proved by the prosecution was appellant's knowledge that the substance which he dealt with was a narcotic . . ." (*Ibid.*, p. 171.)

*Tabb* does not stand alone. Other cases where it would be difficult to argue that a real issue of knowledge was involved are *People* v. *Sykes,* 44 Cal.2d 166, 171 [280 P.2d 769];[3] *People* v. *Ochoa,* 118 Cal.App.2d 566, 569 [258 P.2d 104]; *People* v. *Rodriquez,* 135 Cal.App.2d 757, 760 [288 P.2d 147]; *People* v. *Horn,* 187 Cal.App.2d 68 [9 Cal.Rptr. 578] and *People* v. *Griffin,* 209 Cal.App.2d 557, 562 [26 Cal.Rptr. 311]. We do not claim that the list is exhaustive.

Some of these cases are perhaps distinguishable on various grounds.[4] We will not attempt to do so because side by side with them there developed a line of decisions which presaged the analytical approach of *People* v. *Kelley, supra.* Shortly after *Tabb,* division one of this court decided *People* v. *Lapin,* 138 Cal.App.2d 251 [291 P.2d 575]. In *Lapin,* as here, there was no real issue of knowledge if the prosecution evidence was believed, but the People were permitted to prove an old narcotics violation to show knowledge. The court said: "It is of course true, that in a prosecution such as the one now before us, one of the facts of which an accused must have knowledge is that the article is a narcotic, because that is the essential fact, which brings the act within the provisions of the applicable code section. However, in the instant case there was never any contention raised by appellant to the effect that while he possessed the forbidden weed he did not know it was marijuana. It is noteworthy that in the cases relied upon by respondent, it was the accused who, while admitting possession of the contraband, disclaimed any knowledge of its narcotic character. In the case now engaging our attention

---

[3]Our conclusion that this line of cases does not represent the law today, because it is irreconcilable with *People* v. *Kelley, supra,* necessarily assumes that in *Kelley* the Supreme Court impliedly overruled or distinguished its own precedent, *People* v. *Sykes, supra.* On the face of that opinion there appears no genuine issue of knowledge, yet the court said that evidence of prior possession of marijuana was admissible "to show familiarity with" the marijuana which Sykes had allegedly furnished to a minor. Possible grounds for distinction are: 1. the minor in question had been permitted to testify, without objection, that on the night following the one on which the crime charged had allegedly been committed, Sykes had again given her marijuana. 2. According to the report Sykes, on his direct examination, "had repeatedly denied in broad terms the commission of the crime." Inquiry into other occasions of possessing narcotics was therefore possibly justified under the rule of *People* v. *Westek,* 31 Cal.2d 469, 475 [190 P.2d 9].

[4]See footnote 3 above.

there was no claim of possession with lack of knowledge that the articles were narcotics. The sole issue involved was whether appellant was in possession of the marijuana in question, so all that evidence of the prior offense could prove was that defendant was more likely than not in possession of the marijuana here involved. This does not fall within the area of the exceptions to the general rule heretofore enunciated permitting evidence of a prior offense. We are satisfied that the challenged evidence should not have been received. That the admission of this testimony was prejudicially erroneous there can be little, if any doubt. . . .'' (*Ibid.,* p. 262.)

*Lapin* was followed by *People* v. *Spencer,* 140 Cal.App.2d 97 [294 P.2d 997], a decision of the same division of the Court of Appeal of the First Appellate District which had decided *Tabb.* There was no issue of knowledge. Ignoring its own precedent the court said: ''It may be conceded that if appellant's knowledge of the narcotic heroin had been a real issue in the case evidence of his prior conviction of possession of heroin, although not admissible generally, would be admissible for the limited purpose of proving such knowledge, under the instructions given to the jury that it was to be considered by the jury for that limited purpose only. . . . The rule is one of necessity and the risk of misuse should not be incurred if the evidence is not directed to a disputed issue in the case. Here the record was clear, before the question of appellant's prior conviction of the misdemeanor conviction of possession of heroin was first asked by the prosecutor, from appellant's own testimony above quoted that appellant knew what heroin was. His defense, already developed, was not that he did not know what heroin was but that he was not guilty of the possession and sale of the particular heroin as charged in the information. Since it was already clear that knowledge of the narcotic character of heroin was not in issue there was no reason, and no justification, for the admission of this evidence with the attendant danger of its misuse by the jury despite the cautionary instruction of the court.'' (*Ibid.,* pp. 104-105.)

The conflict between the *Tabb* type of decision and those that follow the lead of *Lapin,* is well illustrated by *People* v. *Freytas,* 157 Cal.App.2d 706, 719 [321 P.2d 782]. In that case the majority, comparing only the elements of the charge—furnishing a narcotic to a minor—with the admitted evidence, held that it was properly admitted on the issue of knowledge. Justice Dooling, the author of *Spencer* concurred specially,

saying that he could not agree with the sweeping general language of the main opinion. On the evidence in the case, however, he did find that there was a genuine issue of knowledge and intent in the case.

Finally, to wrap it up, there is the recent decision in *People* v. *Gonzales,* 262 Cal.App.2d 286, 289 [68 Cal.Rptr. 578] which, we believe demonstrates that we should not follow the *Tabb* line of decisions and that *People* v. *Kelley,* 66 Cal.2d 232 [57 Cal.Rptr. 363, 424 P.2d 947] impliedly disapproves them. Gonzales was arrested after he had apparently discarded a wax paper bag containing marijuana. Debris was found in his shirt pocket. The trial court reluctantly permitted evidence of a later narcotics offense, although the defense had offered to stipulate that Gonzales knew the narcotic nature of marijuana. The stipulation was not accepted by the prosecution. The conviction was reversed. The court recognized that the rule of *People* v. *Kelley, supra,* was not confined to sex cases. Relying on *Kelley* and *People* v. *Spencer, supra,* it held that the trial court should have permitted defendant to admit his knowledge of the narcotic nature of marijuana and "thereby, prevent the introduction of prejudicial evidence of other offenses to prove admitted knowledge."

There is an intimation in *Gonzales* and in at least two other cases (*People* v. *Kadison,* 243 Cal.App.2d 162, 169 [52 Cal. Rptr. 114] and *People* v. *Horn,* 187 Cal.App.2d 68, 75 [9 Cal.Rptr. 578]) that evidence of other violations is inadmissible on the issue of knowledge only where the defendant, by testimonial admission or stipulation, removes that issue from the case. Though it is not necessary for our decision to take issue with these implications—people do not use heroin "off and on" without becoming aware of its effects—we do point out that there was no such admission in *People* v. *Lapin,* 138 Cal.App.2d 251 [291 P.2d 575] and that there is nothing in the reasoning of *Kelley* to justify making such an admission an inflexible condition. Each case must be judged on its own facts. Here, even if the furnishing of the heroin to Officer Rogers left open a possibility, however slight, that defendant honestly but mistakenly thought he was giving him a non-narcotic substance, the offer of his "outfit" to Rogers for his immediate use precludes such speculation. Swindlers do not usually furnish their victims with infallible means of detecting the fraud.

The remaining question is whether the error was

prejudicial. We note that there was no objection to the question which elicited the answer that defendant "might have been" using heroin off and on. This certainly nailed down the issue of knowledge. The charge, however, was not possession, but sale. An inspection of the questions and answers to which objection was made convinces us that in the mind of the jury the disclosure of defendant's apparent familiarity with the packaging, price and strength of heroin materially contributed to its finding that defendant was more than an "off and on" user.

The judgment is reversed.

Stephens, J., and Drucker, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.