[Crim. No. 16446. Second Dist., Div. Four. Apr. 6, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
PENNY ELIZABETH ANDERSON, Defendant and Appellant.

## Counsel

Raymond S. Finn, under appointment by the Court of Appeal, for Defendand and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kallay, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**FILES, P. J.**—A jury convicted defendant of possession of marijuana (Health & Saf. Code, § 11530), a felony, and the court placed her on probation. This is her appeal from the order granting probation, which is a judgment for the purpose of appeal. The notice of appeal also refers to the order denying a new trial, which is not an appealable order.

We are required to reverse the judgment because the trial was carried on in defendant's absence, in violation of Penal Code section 1043. For

the guidance of the court on retrial, it is also necessary to consider an issue relating to the admissibility of evidence.

### Absence of Defendant

Defendant's jury trial commenced on March 12, 1968. Defendant was present with her attorney, a deputy public defender. Evidence in support of the People's case was received, and, at the end of the day, the court recessed until March 13 at 9:30 a.m. Defendant remained at large on her own recognizance.

On the morning of March 13 defendant did not appear. Her attorney was present but had no knowledge of any reason for her absence. The court waited until 11:10 a.m., and then, over the objections of defendant's attorney, proceeded with the trial. Further testimony on behalf of the People was offered and received. At noon the People rested. The court continued the trial to March 14 at 11 a.m. and ordered a bench warrant to issue.

On March 14 defendant was again absent. The court then announced that defendant was "waiving her right to be present at the trial, and we are proceeding in her absence." Following this a district attorney's investigator testified, outside the presence of the jury, that he had searched for defendant without success; and the court elicited the testimony of defendant's attorney that he had not heard from his client since she was last in the courtroom.

The defendant's attorney argued that there was no evidence that defendant's absence was wilful, and he again objected to any proceedings in her absence.

The trial thereupon proceeded with the arguments of counsel and the submission of the case to the jury. A verdict of guilty was returned at 3:15 p.m. on March 14.

On March 19, 1968, defendant appeared in court with counsel. At her request she was sworn as a witness and testified as to her reasons for her absence. The court found her explanation insufficient, and sentenced her to five days in jail for contempt. The record adequately supports the trial court's finding that defendant's absence was wilful.

On April 15, 1968, defendant was arraigned for judgment. A motion for a new trial, upon the ground that the trial had proceeded in her absence, was denied. The court then suspended imposition of sentence, and granted probation.

Penal Code section 1043, at the time of this trial, read as follows: "The

defendant must be personally present at the trial; provided, that in case of a misdemeanor charge, if he absents himself with full knowledge that a trial is to be or is being had, the trial may proceed in his absence. If the defendant in a felony case fails to appear at any time during the course of the trial and before the jury has retired for its deliberations or the case has been finally submitted to the judge, and after the exercise of reasonable diligence his presence cannot be procured, the court shall declare a mistrial and the cause may be again tried."

The last clause of that section appears to be too plain to require interpretation or permit dispute as to its application to this case: "the court shall declare a mistrial and the cause may be again tried."

It is the Attorney General's contention that, notwithstanding the unqualified language of the statute, the defendant waived her right to be present by absenting herself. It is pointed out that in *Diaz* v. *United States* (1912) 223 U.S. 442, 455 [56 L.Ed. 500, 505, 32 S.Ct. 250] the court said: "But, where the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present."

No California case has been found in which a felony trial was completed after the defendant had disappeared. Several cases stand for the proposition that a temporary absence of the defendant, during proceedings where he could not have aided counsel, will not necessarily compel reversal of the conviction: *People* v. *Isby* (1947) 30 Cal.2d 879, 892 [186 P.2d 405] (withdrawal of an exhibit during defendant's absence); *People* v. *d'A Philippo* (1934) 220 Cal. 620 [32 P.2d 962] (discussion by counsel during defendant's absence); *People* v. *Bealoba* (1861) 17 Cal. 389, 399 (nature of proceedings during absence not disclosed by record); *People* v. *Boehm* (1969) 270 Cal.App.2d 13, 19 [75 Cal.Rptr. 590] (conference at which immunity was granted to codefendant); *People* v. *Trubschenk* (1955) 134 Cal.App.2d 796 [286 P.2d 436] (order made postponing trial to procure attendance of defendant); *People* v. *Morales* (1943) 60 Cal.App.2d 196 [140 P.2d 461] (instructions reread in defendant's absence); cf. *People* v. *Teitelbaum* (1958) 163 Cal.App.2d 184 [329 P.2d 157] (conference in chambers held not to come within the requirement of Penal Code section 1043).

In *People* v. *Rogers* (1957) 150 Cal.App.2d 403 [309 P.2d 949] an attorney, defending himself on felony charges, appeared at an afternoon session in a state of illness induced by his taking a heavy dose of insulin

without food. After a physician reported that defendant would be able to proceed if he ate a normal lunch, the defendant refused to eat and refused to put in evidence. In affirming the conviction the appellate court accepted the view that, under section 1043, a defendant must be mentally as well as physically present, but pointed out (at p. 415) that there was "some evidence that the claimed symptoms were feigned. The trial judge . . . could tell far better than we can tell from a cold record whether defendant was able to proceed."

The *Rogers* opinion also states that, since defendant, by his own actions, induced the condition which handicapped him, this conduct "amounted to a waiver of the right to be mentally present granted by section 1043 of the Penal Code."

This rationale of waiver was followed in *People* v. *Guillory* (1960) 178 Cal.App.2d 854 [3 Cal.Rptr. 415, 80 A.L.R.2d 1077], where a deaf defendant appeared in court without batteries for his hearing aid.

What was said in *Rogers* concerning waiver must be read in light of the facts in that record. The defendant was physically present, subject only to a self-induced handicap which, the evidence showed, was not entirely disabling and which could be overcome simply by ingesting food. The case does not support the Attorney General's contention here that the last sentence of section 1043 becomes inapplicable when a defendant is voluntarily absent.

The history of section 1043 is of some significance. The original wording of the section, like section 320 of the Criminal Practice Act of 1851, provided simply, with respect to felony cases, that the defendant "must be personally present" at the trial. After a century of experience, in 1951, the Legislature reworded the statute and added the second sentence, expressly commanding a mistrial if the defendant "fails to appear at any time during the course of the trial."

In 1968 the Legislature made a further revision of the section (effective after the trial of this case), which, among other things, added this language: "Nothing in this subdivision shall limit the right of a defendant to waive his right to be present in accordance with the provisions of Section 977."

At the same time the Legislature amended section 977 to include this language: "(b) In all cases in which a felony is charged, the accused must be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he shall, with leave of court, execute in open court, a written waiver of his right to be

personally present, approved by his counsel, which waiver must then be filed with the court; provided, however, that the court may specifically direct that defendant be personally present at any particular proceeding or portion thereof. The waiver shall be substantially in the following form: . . ."

■ In the light of this history we must conclude that the 1951 amendment was intended to make section 1043 something more than a mere declaration of the defendant's right to be present at the trial. The language added in 1951 prescribed the procedure to be followed in the event a defendant failed to appear, and it provided no distinction between a voluntary and an involuntary absence.

■ The 1968 amendments serve to confirm that interpretation, by providing that a defendant may waive his presence only with respect to certain portions of the trial, and then only under narrowly prescribed conditions. We take this to indicate a continuing legislative intention, at least since 1951, that the failure of the defendant to appear during a significant portion of the trial requires the court to declare a mistrial so that the cause may be tried again.

### Admissibility of the Marijuana

■ Defendant's brief asserts, without citations to the record, that the marijuana found in defendant's possession at the time of her arrest should not have been admitted. The clerk's transcript shows that, prior to trial, a "Motion pursuant to section 1538.5 Penal Code," *i.e.,* a motion to suppress evidence obtained as a result of search or seizure, was made and denied. No reporter's transcript of the evidence at that hearing has been requested or prepared. The issue was not relitigated at the trial. The question is therefore not before this court on this appeal.

### Admissibility of Prior Offenses

The People introduced, over objection, the testimony of a police officer that on October 26, 1967, (prior to the offense charged) he had arrested defendant in her apartment and had found there four vials containing marijuana and one vial containing marijuana cigarettes. The People next called Officer Conine, who had arrested defendant for the current offense. He testified "During the transportation and booking procedure she stated to me she had been arrested twice for possession of marijuana, and she was currently out on bail." Defendant's motion to strike this latter testimony was denied.

■ The rule is that "[E]vidence of other crimes is inadmissible as

regards guilt when it is offered solely to prove criminal disposition because the probative value of such evidence as to the crime charged is outweighed by its prejudicial effect. ■ However, such evidence may be properly admissible if it is offered to prove a fact material to the charged crime and meets the general tests of relevancy as to such fact." (*People* v. *Durham* (1969) 70 Cal.2d 171, 186 [74 Cal.Rptr. 262, 449 P.2d 198].)

It is not contended that the evidence was admissible for any purpose except to show defendant's familiarity with marijuana. The People's theory of admissibility is that knowledge of the presence and narcotic nature of the substance is one of the elements of the offense, and that evidence of defendant's prior involvement with marijuana tended to prove such knowledge. (See *People* v. *Bost* (1963) 218 Cal.App.2d 394, 400 [33 Cal.Rptr. 10].)

■ The plea of "not guilty," of course, places in issue all of the elements of the offense, but that alone does not justify admissibility of evidence of prior criminality, which carries with it such a high potential for collateral prejudice. Unless there appears to be some genuinely controverted issue as to which the prior crime is pertinent, the evidence should be excluded. (See *People* v. *Kelley* (1967) 66 Cal.2d 232, 242 [57 Cal.Rptr. 363, 424 P.2d 947]; *People* v. *Gregg* (1968) 266 Cal.App.2d 389, 391 [71 Cal. Rptr. 920].)

■ Ordinarily the fact that a narcotic is found in the personal effects of the defendant is compelling proof that defendant knew what he possessed and its nature. (See, e.g., *People* v. *White* (1969) 71 Cal.2d 80, 83 [75 Cal.Rptr. 208, 450 P.2d 600]; *People* v. *Taylor* (1968) 266 Cal.App.2d 14 [71 Cal.Rptr. 886]; *People* v. *Finn* (1965) 232 Cal.App.2d 422, 426 [42 Cal.Rptr. 704].) It would be most extraordinary that the defendant in this case would attempt to deny that she knew the nature of the green leafy substance which was wrapped in a cellophane bag within a box which she was carrying in her purse.

■ The Attorney General argues that a genuine issue of knowledge was suggested by an extrajudicial statement attributed to defendant by the arresting officer. The testimony is as follows:

"Q. After you opened the box and saw this bag which is part of the contents of People's 1 for identification, what did you do then?

"A. At this time I asked the defendant if she knew what marijuana was. She stated she knew.

I showed it to her, and I asked her what it was.

She said, 'I don't know.' "

This extrajudicial statement is not, by itself, a basis for offering the proof of prior offenses as a part of the case in chief. Even though defendant refused to admit knowledge when the officer asked her what was in the bag, the implications of her conduct were so clear that the court could not reasonably anticipate that knowledge would become a genuine issue.

We therefore conclude that in the state of the record as it stood at the time the evidence of prior criminality was offered, there was no justification for it. That evidence should have been excluded upon the principle that its prejudicial effect outweighed any legitimate probative value. (See Evid. Code, § 352.)

The appeal from the order denying a new trial is dismissed; the judgment (order granting probation) is reversed.

Kingsley, J., and Dunn, J., concurred.