[Crim. No. 831. Fifth Dist. Sept. 30, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK RICHARD SOUZA, Defendant and Appellant.

## COUNSEL

Keith D. Sharrow, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws, Joel S. Primes and A. Wells Petersen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

COAKLEY, J.—Appellant, a minor, was found guilty of (1) selling marijuana (Health & Saf. Code, § 11531), and (2) being present where narcotics were used (Health & Saf. Code, § 11556). He was convicted chiefly upon the testimony of Martin Ortiz, Jr., who worked as an undercover agent for the Los Banos Police Department.[1] Ortiz testified that he purchased two marijuana cigarettes from the appellant while they, together with two friends of the appellant, were seated in appellant's car; then, a short time later, on the same day, appellant and his friends smoked two marijuana cigarettes in Ortiz' presence while all were seated in appellant's car.

Appellant and his friends categorically denied that appellant sold any

---

[1]The prosecution's other two witnesses were a chemist and a police officer, neither of whom was present at the time of the commission of the alleged offenses.

cigarettes to Ortiz or that marijuana was smoked in appellant's car by appellant or anyone else on the occasion in question. On direct examination, appellant testified that he had seen marijuana before and knew what it looked like.

The testimony of Ortiz, though suspect in the eyes of the appellant as coming from an informer in narcotic matters, was neither incredible nor improbable. On the contrary, the history of convictions for sale and use of narcotics discloses that what allegedly took place in this case is common in the sale and use of marijuana. Similarly, the history of such cases is replete with categorical denials by defendants and their witnesses of either sale or use. Thus, we have a conflict in the evidence with the jury choosing to believe the testimony of Ortiz and rejecting that of appellant and his witnesses. Under such circumstances, our task begins and ends with determining whether there was any substantial evidence to sustain the judgment (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]; see also *People* v. *Bard,* 70 Cal.2d 3, 4 [73 Cal.Rptr. 547, 447 P.2d 939]; and *People* v. *Gutierrez,* 35 Cal.2d 721, 727 [221 P.2d 22]), unless the record discloses prejudicial error requiring reversal on other grounds. The evidence of appellant's guilt meets the substantial evidence test.

We now examine appellant's contention that the record before us establishes prejudicial error, predicated largely upon the prosecution's cross-examination of appellant's witnesses. Through such examination, the prosecution established that appellant and his friends were a close-knit group; that they were careful whom they admitted to their inner circle for the reason that others might do as Ortiz had done, viz., inform on them; that all were users, not only of marijuana but also of more dangerous drugs, probably including heroin and "speed"; that, while in appellant's car appellant's friends discussed a "fix"; that the day after appellant's crimes defense witness Powell had been admitted to a hospital for a drug condition in the nature of "an amphetamine binge"; that defense witness Brinley had been "high" on drugs the evening of appellant's crimes, though not in appellant's company; that defense witness Lewis had sold 20 marijuana cigarettes on the day of appellant's crimes; that Lewis had smoked marijuana with appellant in times past but not on the day in question; that "[w]e used to turn each other on," referring to appellant and his witnesses; that all the defense witnesses were familiar with marijuana, with "fixes," "speed," and with amphetamines. This type of cross-examination was continued in depth, notwithstanding that the court sustained appellant's objections upon the ground that such testimony had no connection with the offenses charged.

Ortiz testified that defense witnesses had discussed a "fix" in appellant's presence, though he acknowledged that appellant took no part in the

discussion; that appellant drove to a gas station where his three friends went inside the restroom and, upon coming outside, seemed to stagger and appeared "high" on what Ortiz thought was "grass," "speed," or "stuff." He further testified that such substances are effective within a few seconds after use, leaving the inference that appellant's witnesses had used such a substance while in the restroom. He acknowledged that appellant remained in the car at all times.

Through Police Sergeant Decker, the district attorney established that Ortiz had made a number of "buys" in the Los Banos area, including a "buy" from appellant's witness Lewis on the afternoon of appellant's crimes; that "these boys," including Lewis, pleaded guilty to criminal charges involving narcotics.

The alleged purpose of the foregoing was to establish that the appellant knew that the two cigarettes he sold Ortiz, and the two cigarettes smoked in his car were marijuana cigarettes. Respondent contends that because the prosecution must establish such knowledge (*People* v. *Francis,* 71 Cal.2d 66, 73 [75 Cal.Rptr. 199, 450 P.2d 591]; *People* v. *Tostado,* 217 Cal. App.2d 713, 719 [32 Cal.Rptr. 178]), it had the right and the duty to introduce the proof hereinabove summarized. Respondent further contends that it had no way of knowing whether the appellant would testify and acknowledge on direct or cross-examination that he was familiar with marijuana; that if the appellant did not testify the prosecution would be left without the opportunity to present evidence of appellant's knowledge by way of rebuttal; that for that reason it was incumbent upon the prosecutor to establish appellant's knowledge by cross-examination of his witnesses.

There can be no doubt that the prosecution met the burden of proving appellant's knowledge and that it accomplished its purpose well, indeed, too well. The prosecution's contention that it was incumbent upon it to establish appellant's knowledge by cross-examination of his witnesses in the manner employed cannot stand for these reasons, among others:

(1) If appellant had rested without testifying or calling witnesses, a risk which the prosecution must contemplate in preparing its case, it would be incumbent upon the prosecution to prove knowledge in a manner other than that employed.[2]

(2) Pretrial inquiry of defense counsel, or a request for stipulation as to appellant's knowledge made outside the jury's presence, would permit

---

[2]We believe in such circumstances the court would be justified in permitting the prosecution to reopen its case in chief and to offer proof of appellant's knowledge.

the district attorney to be prepared to introduce proof of appellant's knowledge if an admission thereof was not assured.[3]

(3) The very vivid picture of appellant's involvement in narcotics painted by the prosecution far exceeded the quantum of proof required to show knowledge.

There can be little doubt that the jury was influenced on the issue of guilt by the evidence which we have summarized. Nor can there be any doubt that such evidence suffered the double vice of establishing (a) guilt by association, and (b) an attempt to prove a disposition on appellant's part to use and traffic in narcotics.

*People* v. *Gregg,* 266 Cal.App.2d 389, 391 [71 Cal.Rptr. 920], involved the sale of heroin, and *People* v. *Anderson,* 6 Cal.App.3d 364 [85 Cal.Rptr. 669], possession of marijuana. In *Gregg,* the prosecution cross-examined the defendant at length concerning the packaging and cost of heroin and the amount needed for a "fix." It was the prosecution's contention that such cross-examination was necessary to show the defendant's knowledge of the narcotic nature of the substance which the undercover agent purchased. Rejecting that contention the court pointed out that there was no genuine issue of knowledge and that the sole effect of the cross-examination was to show a criminal disposition from which the jury would believe that the undercover agent, rather than the defendant, spoke the truth. In *Anderson,* the court noted that a not guilty plea does not justify admissibility of evidence of prior criminality, since such evidence carries with it a high potential for collateral prejudice, citing *People* v. *Kelley,* 66 Cal.2d 232, 242 [57 Cal.Rptr. 363, 424 P.2d 947] and *People* v. *Gregg, supra.*

■ We do not hold that the prosecution is forbidden to examine a defendant or his witnesses for the purpose of establishing defendant's knowledge of the narcotic nature of marijuana. We hold only that such examination must be limited to establishing *that fact* alone, and must not be extended to extraneous matters designed, as here, to improperly and unfairly influence the jury to draw inferences of guilt of the crimes charged from proof of knowledge of the narcotic nature of marijuana.

■ The prejudicial error committed by the district attorney on cross-examination, and on his examination of Ortiz and of Officer Decker, was compounded by his argument to the jury. He set the tone of that argument at the outset when he reminded the jurors of the closeness of "this tight little knit group that are using marijuana"; when he recalled the discussion about the "fix," *in which the appellant took no part;* when he

---

[3]Appellant testified under direct examination that he was familiar with marijuana, and there is nothing in the record to indicate that he was not prepared to so stipulate.

spoke of marijuana sales by members of the group *other* than appellant; and again when he spoke of the "fix" in the restroom *outside* appellant's presence.

There is no merit to appellant's contention that he was inadequately represented by counsel. His attorney objected strenuously to the prosecution's questions eliciting testimony which we hold constituted prejudicial error. By such objections, he laid the foundation for this successful appeal.

We, like the public, are deeply concerned when courts, including this court, find it necessary to reverse convictions in which there is substantial evidence of guilt. But where, as here, the conviction is predicated upon sharply conflicting testimony, aided by gross violations of well-established rules of evidence, and of fairness gauged by such rules, it is the court's duty to reverse the conviction and remand the case for a retrial in which, hopefully, such violations and unfairness will be avoided. ■ This concept of fairness is well expressed in *People* v. *Lapin,* 138 Cal.App.2d 251 [291 P.2d 575], a case in which the court found prejudicial error in the admission of testimony of a prior conviction for possession of marijuana, introduced ostensibly to show knowledge. At page 264, the court held: "It is the bounden duty of courts to insist that a defendant be fairly convicted, because if he is not so convicted he should not be convicted at all; and to hold otherwise would be to provide ways and means for the conviction of the innocent. The fact that the evidence may point rather conclusively to defendant's guilt does not take from the latter his right to such a fair and impartial trial."

The judgment is reversed.

Stone, P. J., and Gargano, J., concurred.