[Civ. No. 6150. Fourth Dist. July 7, 1960.]

ADELE MOOREN et al., Appellants, v. ELMER KING et al., Respondents.

Roby F. Hayes and Barbara Lang Hayes for Appellants.

Luce, Forward, Hamilton & Scripps, Arvin H. Brown, Jr., Robert G. Steiner, McInnis, Focht & Fitzgerald and William F. Fitzgerald for Respondents.

COUGHLIN, J.—This is an action arising out of an accident involving three automobiles, which occurred in the daytime on August 6, 1955, near Vista, California, on a 23-foot roadway known as Foothill Drive. The plaintiffs Mooren, who were husband and wife, were riding in a Ford station wagon jointly owned by them and driven by Mr. Mooren. While this automobile was proceeding southerly on the roadway in question along the course of a sharp curve, the defendant Garcia was driving a truck in a northerly direction along this curve. Garcia was an employee of the defendant Baldridge. At the same time, the defendant King was driving in a southerly direction along the same roadway to the rear of the plaintiffs. While negotiating this curve the plaintiffs' station wagon and Garcia's truck collided. The plaintiffs' vehicle stopped forthwith and was struck in the rear by the automobile of the defendant King.

Thereafter the plaintiffs commenced this action on account of the injuries sustained by Mrs. Mooren and damage to their automobile. Both defendants denied liability by appropriate answers, which included the defense of contributory negligence. In addition, the defendant King filed a cross-complaint against the plaintiffs and against the defendants Garcia and

Baldridge for the damages allegedly received as a result of the accident.

The matter was tried by a jury which rendered a verdict that plaintiffs take nothing by their complaint and that the cross-complainant King take nothing by his cross-complaint.

Judgment was entered accordingly from which the plaintiffs alone have appealed.

Two primary controversial issues with respect to liability were presented; one involved the speed of the automobiles; and the other the position of the plaintiffs' station wagon and the defendant Garcia's truck on the highway.

Evidence with respect to these issues was conflicting. Estimates of the speed of the plaintiffs' station wagon ranged from 20 to 25 miles per hour; of defendant Garcia's truck from 15 to 40 miles per hour; and of the defendant King's automobile from 20 to 25 miles per hour. Testimony with respect to the distance between the plaintiffs' automobile and the Garcia truck at the time each came into view of the other ranged from a matter of feet to that of two car lengths. The evidence respecting the position of the Garcia truck at the time of the accident indicated it either was a matter of inches or a foot to his left of the center, on the center or to his right of the center of the roadway. There was no painted line marking the center.

After the accident citations were issued to Mr. Mooren and Mr. Garcia charging violations of the Motor Vehicle Code. Mr. Mooren was charged with violating sections 510 and 511 of that code. The complaint filed pursuant to this citation alleged a violation of the basic speed law, i.e., Vehicle Code, section 510, and also a violation of the prima facie speed limit of 15 miles per hour when approaching or upon a curve when the view is obstructed, i.e., Vehicle Code, section 511. In answer to this citation and complaint, Mr. Mooren entered a plea of "not guilty" and the matter was set for trial. The records of the court in which the complaint had been filed indicate that at the time of trial Mr. Mooren withdrew his plea of "not guilty"; entered a plea of "guilty" and paid a fine of $10. However, Mr. Mooren testified that he did not withdraw his plea of "not guilty"; that at the time of trial he appeared with Mr. King, who was to be a witness on his behalf, and was told by the court that neither he nor his witness would be permitted to testify, whereupon Mr. Mooren stated: "I am not guilty, but I will pay the fine." Mr. King testified: "After he [the judge of the traffic court] refused

to let me testify, he said, 'I just want to know, are you guilty or not guilty?' Mr. Mooren says, 'I guess I'm guilty, then.'" The clerk of the court in which the traffic charge was filed against Mr. Mooren testified with respect to the contents of the court's record showing entry of a plea of "not guilty"; its withdrawal; and the entry of the plea of "guilty." The circumstances surrounding the events in question were presented by the testimony of Mr. Mooren and Mr. King.

As indicated, a citation also was issued against the defendant Garcia who posted and forfeited bail. He did not enter any plea to the complaint filed pursuant to the citation.

The plaintiffs urge seven alleged errors by the trial court as grounds for reversal. We have examined all of them and find each to be without merit for the reasons hereinafter set forth.

 A written statement was taken from the plaintiff, Mr. Mooren, a few days after the accident occurred. At the trial, parts of this statement were used by the defendant King to impeach Mr. Mooren. The subject of this impeachment was the manner in which Mrs. Mooren had been injured and the allegedly slight effect caused by the collision between the King automobile and the Mooren station wagon. The plaintiffs objected to the introduction of any part of the written statement unless the whole thereof was admitted into evidence. The defendants Garcia and Baldridge objected to the introduction of the whole statement. Many portions of this statement attempted to place the blame for the accident upon Garcia and Baldridge and to exonerate the defendant King; included conclusions by Mr. Mooren respecting the issue of liability; and were not material to the impeachment inquiry. The plaintiffs contend that when part of a written statement is admitted into evidence by one party the whole of the same subject may be inquired into by the other. (Code Civ. Proc., § 1854.) By its terms the general rule confines the subsequent inquiry to *the same subject* covered by that part of the written statement introduced into evidence. Portions of a statement not relevant to the part introduced properly may be excluded. (*Crosby* v. *Martinez*, 159 Cal.App.2d 534, 539-540 [324 P.2d 26]; *Estate of Nunes*, 140 Cal.App.2d 744, 746 [296 P.2d 29]; *People* v. *Kent*, 135 Cal.App.2d 422, 428 [287 P.2d 402].) The refusal of the trial court to permit the introduction of the whole of Mr. Mooren's statement was not error.

 The plaintiffs also contend that the court should

not have admitted evidence respecting the matter of Mr. Mooren's entry of a plea of guilty to the traffic offense with which he was charged. ▮ A plea of guilty entered by a defendant in a criminal proceeding constitutes an admission of guilt and, if material, evidence thereof is admissible in a subsequent civil trial. (*Olson* v. *Meacham*, 129 Cal.App. 670, 675 [19 P.2d 527].) ▮ Plaintiffs urge that the court should not have permitted evidence with respect to the guilty plea in question because of the circumstances surrounding its entry; that in truth Mr. Mooren did not enter a plea of guilty or, if he did, that such plea was entered under duress. These factors go to the weight of the evidence and not to its admissibility. ▮ With respect to this matter, the plaintiffs also contend that the court determined in advance of trial to admit evidence of Mr. Mooren's plea of guilty. Although the facts do not appear in the record, in their brief the plaintiffs claim that during a discussion in chambers with respect to the issues in the case, the trial judge announced that he had read the depositions and knew that one of the issues was whether evidence of the aforesaid plea would be admissible, and that he had decided that the evidence should be admitted. Assuming the facts to be as related, and without holding that the conduct in question was irregular, any alleged error is without prejudice as the determination of the trial court in the premises, whenever made, was proper.

▮ Among the court records which were read into evidence was a citation issued to Mr. Mooren which, in turn, referred to another citation by number. The plaintiffs sought to elicit the name of the person and the charge set forth in the latter citation. The court permitted testimony to the effect that this citation was issued to someone other than the defendant Mooren. From evidence presented to the court without the presence of the jury it appears that the subject citation had been issued to the defendant Garcia. The plaintiffs wished to establish this fact. However, Garcia had not entered a plea of guilty, and "it is well established that in the absence of a plea of guilty, neither the judgment in a criminal action nor the proceedings in connection therewith, such as arrest, is admissible in a civil proceeding." (*Rednall* v. *Thompson*, 108 Cal.App.2d 662, 666 [239 P.2d 693] ; *Burbank* v. *McIntyre*, 135 Cal.App. 482, 486 [27 P.2d 400].) The ruling of the trial court was correct.

▮ The plaintiffs offered into evidence a property settlement agreement executed by them after the accident

whereby Mr. Mooren relinquished any right or interest he might have had in any cause of action arising out of injuries received by Mrs. Mooren, and agreed that any damages recovered on account of such injuries should be her separate property. An objection to the introduction of this agreement was sustained. The plaintiffs claim they were entitled to prove that Mr. Mooren had no community interest in the cause of action against the defendants on account of injuries sustained by Mrs. Mooren, or in the proceeds of any judgment which might be obtained on account thereof, in order to avoid application of the rule of law that the contributory negligence of a husband is imputed to his wife and bars recovery by her. One of the instructions proposed by the defendants and given by the court followed this rule. The plaintiffs claim further error because of this fact. Their position is without merit.

A post accident property settlement agreement between husband and wife whereby the husband relinquishes to his wife any right or interest in the cause of action accruing to her on account of an accident occurring prior to the enactment of Civil Code, section 163.5, in 1957, does not foreclose application of the rule that the contributory negligence of a husband, as a driver, is imputed to his wife, as a passenger in the automobile involved in the accident. (*Kesler* v. *Pabst,* 43 Cal.2d 254 [273 P.2d 257] ; *Ferguson* v. *Rogers,* 168 Cal. App.2d 486, 488 [336 P.2d 234].) Moreover, in the case at bar the automobile operated by Mr. Mooren was owned jointly by him and his wife. There is no showing that it was community property. These circumstances would foreclose recovery by the wife in the event her husband was contributively negligent, independent of their husband and wife relationship. Under section 17150 of the Vehicle Code, formerly section 402, the negligence of the operator of an automobile is imputed to the owner thereof for all purposes of civil damages. (*Milgate* v. *Wraith,* 19 Cal.2d 297, 299 [121 P.2d 10] ; *Spendlove* v. *Pacific Electric Ry. Co.,* 30 Cal.2d 632, 634 [184 P.2d 873].) As a consequence, even though it be assumed that rejection of the property settlement agreement and giving the instruction on imputed negligence constituted error, the fact of joint ownership, and the resultant imputation of negligence preclude any claim of prejudice therefrom.

Finally, it is contended that the court erred in giving two separate instructions on the basic speed law, neither of which, standing alone, is criticized. The record does not support the

claim that the court thus emphasized a particular issue in the case, and no prejudice appears from the repetition.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.