[No. 10,583.—In Bank.]

## PEOPLE *v.* JOSEPH CARLTON.

PREVIOUS CONVICTION—INFORMATION—CRIMINAL LAW.—After the examination provided for in § 809 of the Penal Code has been had, it is optional with the district attorney to prosecute either by indictment or information; and whether one form or the other is pursued, the fact of a previous conviction may be set forth.

ID.—TRIAL BY JURY—CRIMINAL LAW.—If the defendant pleads not guilty to such charge of previous conviction, the issue must be tried by a jury; but if he pleads guilty thereto, no such trial is required under the law as amended April 9th, 1880.

APPEAL from a judgment of conviction in the Superior Court of the County of San Joaquin. BUCKLEY, J.

*S. L. Terry*, for Appellant.

In this case, the previous conviction was not " charged in the indictment," for the appellant was not prosecuted by indictment, but by information. The language of the statute is, that the fact of previous conviction must be charged in the indictment. The Court cannot interpolate the words " or in the information." (*People* v. *Tisdale, ante,* p. 104.)

*A. L. Hart*, Attorney-General, for Respondent.

MORRISON, C. J.:

The appeal in this case is taken upon the judgment roll alone, and the ground relied upon for a reversal is, that the punishment was in excess of that authorized by law. The prosecution was by information, and the conviction was of the crime of petit larceny. The information charged a previous conviction of a similar offense, and the judgment of the Superior Court was, " that the said Joseph Carlton be punished by imprisonment in the State prison of the State of California for the term of four years."

Section 666 of the Penal Code provides, that " every person who, having been convicted of petit larceny, or of an attempt to commit an offense which if perpetrated would be punishable by imprisonment in the State prison, commits any crime after such conviction, is punishable as follows: * * *

"3. If the subsequent conviction is for *petit larceny*, or for an attempt to commit an offense which if perpetrated would be punishable in the State prison, then such person is punishable by imprisonment in such prison not exceeding five years."

The record shows that upon the arraignment of the defendant he pleaded "not guilty of the offense charged in the information," and as to the prior conviction, "that it is true." On this appeal, two points are made on behalf of the appellant: 1st, that the provisions of the Penal Code on this subject do not apply, except in prosecutions by *indictment;* and 2nd, that the question of prior conviction should have been submitted to, and should have been passed upon by, the jury. We will first consider the second point.

By § 1158 of the Penal Code it is provided, that, " whenever the fact of a previous conviction of another offense is charged in an indictment, the jury, if they find a verdict of guilty of the offense for which he is indicted, must also, unless *the answer of the defendant admits of the charge*, find whether or not he has suffered such previous conviction." And § 1093 of the same Code provides, that, " if the indictment be for a felony, the clerk must read it, and state the plea of the defendant to the jury ; and in cases where the indictment charges a previous conviction, and the defendant has confessed the same, the clerk, in reading such indictment, shall omit therefrom *all that relates to such previous conviction.*"

It is clear, from the foregoing sections, that it was not necessary for the jury to pass upon the question of *previous conviction,* for the Code provides that when the defendant has *confessed the same,* that part of the indictment that charges a previous conviction *shall not be read to the jury.*

The fact of a previous conviction was set out in the information in accordance with the provisions of § 969 of the Penal Code, and the only question which remains to be considered is the first point presented on behalf of the appellant. The Penal Code speaks of an *indictment* only, and it is therefore contended that its provisions do not apply to a prosecution by *information.* Section 8, article i, of the Constitution declares, that " offenses heretofore required to be prosecuted by *indictment* shall be prosecuted by information, after examination and commitment

by a magistrate, or by *indictment* with or without such examination and commitment"; and by the Act of April 9th, 1880, it is provided, that "§ 682 of the Penal Code is amended so as to read as follows:

"Every public offense must be prosecuted by indictment or information"; and by the same act a new section was added to the Penal Code: "The following is added as a new section to said Code, to be known as § 809:

"When a defendant has been examined and committed, as provided in § 872 of this Code, it shall be the duty of the district attorney, within thirty days thereafter, to file in the Superior Court of the county in which the offense is triable an information charging the defendant with such offense. The information shall be in the name of the people of the State of California, and subscribed by the district attorney, and shall be in form like an indictment for the same offense." (Amdts. 1880, Penal Code, p. 10.)

The last two sections are found in the Act of April 9th, 1880, which is entitled "An Act to amend § 682" (and other sections, naming them), "and to repeal §§ 969 and 1025 of the Penal Code, and to add a new section thereto, to be known as § 809, to provide for prosecution by information, and to adapt the provisions of said Code thereto." (Amdts. 1880, Penal Code, p. 10.)

Other sections of this amendatory act are the following:

"Section 888 of said Code is hereby amended so as to read as follows:

"All public offenses triable in the Superior Courts must be prosecuted by indictment or information, except as provided in the next section."

"Section 949 of said Code is hereby amended so as to read as follows:

"The first pleading on the part of the people is the indictment or information."

There are other sections applicable to this subject, but the foregoing quotations will show that it was the intention of the Legislature to make the provisions of the Penal Code equally applicable to prosecutions by information and indictment. After the examination contemplated by § 809 has been had, it is

left to the discretion of the district attorney to prosecute either by indictment or information; and whether one form or the other is pursued, the fact of a previous conviction may be set forth.   If the defendant pleads not guilty to such charge, the issue must be tried by a jury; but if he pleads guilty thereto, as he did in this case, no such trial is required under the provisions of the law in existence at the time the defendant in this case was tried and convicted.

Judgment affirmed.

SHARPSTEIN, J., MYRICK, J., ROSS, J., and McKINSTRY, J., concurred.