[Crim. No. 2088.   Second Appellate District, Division One.—August 21, 1931.]

THE PEOPLE, Respondent, v. JOHN FORRESTER, Appellant.

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Pursuant to count two of an information duly filed, defendant was convicted of the crime of violation of chapter 339, Laws of 1923 (Act 1970 of Deering's Gen. Laws 1923), "committed as follows: That the said John Forrester, on or about the twenty-ninth day of January, 1931, at and in the county of Los Angeles, state of California, did wilfully, unlawfully and feloniously have in his possession and custody and under his control a certain firearm, capable of being concealed upon the person, the said firearm having a barrel less than twelve inches in length, the said John Forrester having theretofore been duly and legally convicted of a felony, to-wit, burglary, on the 24th day of April, 1922, by and before the superior court of the state of California, in and for the county of Los Angeles."

It was further alleged that before the commission of said offense defendant had been convicted of the crime of burglary, and judgment of said superior court pronounced and rendered on the twenty-fourth day of November, 1922, and that defendant served a term of imprisonment therefor in a penal institution. On arraignment on March 9, 1931, the defendant regularly entered his plea of not guilty and admitted the prior conviction. On April 8, 1931, the case was tried before a jury, which found the defendant guilty. Thereafter, on April 13, the date set for pronouncing of judgment and sentence, the defendant filed and presented a demurrer to the information, which demurrer was overruled and the cause further continued to April 17th, for hearing defendant's motion for a new trial and motion for arrest of judgment. On April 17th said motions were denied and judgment pronounced by the court. The clerk's minutes show that after the jury had been sworn to try the cause: "Information is read and plea stated. Motion of defendant's counsel for dismissal, for reasons stated, is argued and denied." The reporter's transcript shows that after the jury had been sworn and the plea stated, defendant's counsel moved that an order of mistrial be entered "upon the ground that the reading of the information has violated the rights of the defendant in the allusion and in informing the jury of the fact that this defendant had been guilty of a prior conviction when this defendant has admitted that fact solely for the purpose of his protection against its influence upon the jury". The objection thus made was overruled by the court and thereafter the court, notwithstanding objections on the part of defendant, admitted evidence establishing the fact of the former conviction.

Appellant contends that the admission of such evidence is prohibited by the terms of section 1025 of the Penal Code. That section provides as follows: "When a defendant who is charged in the indictment or information with having suffered a previous conviction, pleads either guilty or not guilty of the offense for which he is indicted or informed against, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered by the clerk in the minutes of the court, and must, unless withdrawn by consent of the

court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. . . . In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial.'' If the foregoing provisions of section 1025 of the Penal Code apply to the offense of which the defendant was convicted in this action it would be impossible ever to convict the defendant on this charge. For the offense described in the indictment includes, as a substantive part of the offense, the fact that the person charged with having in his possession the prohibited firearm is a person ''who has been convicted of a felony against the person or property of another'', etc. Notwithstanding the fact that the defendant upon his arraignment admitted the prior conviction, as separately stated in the indictment, he pleaded not guilty to the principal offense and thereby put in issue the alleged fact that, at the stated time and place, he had in his possession the described firearm, he having been theretofore legally convicted of a felony, to wit, burglary, etc. Considering the two statutes together we are satisfied that the provisions of section 1025 of the Penal Code were not intended to apply to a case where the fact of former conviction is an integral part of the present offense concerning which the defendant is brought to trial. If any additional ground of reconcilement of the two statutes should seem to be necessary, the fact may be noted that the Firearms Act of 1923 is of much later date than said section of the Penal Code, and is of necessity, *pro tanto,* a repeal of said section 1025 of the Penal Code.

Our decision upon the question hereinabove discussed practically disposes of all of the points raised on the appeal. The evidence is sufficient to sustain the verdict; the demurrer to the information was properly overruled; the court did not err in permitting the clerk to read the first paragraph of count two of the information; the court did not err in denying defendant's motion to stop the trial and enter an order of mistrial; the court did not err in overruling the objections to the evidence offered to prove that defendant had suffered said former conviction of burglary; the court did not err in denying defendant's motion for an advised verdict; and the verdict was not ambiguous.

It was stipulated that, in reading the information to the jury, the clerk read only the first paragraph, and did not read the second paragraph, which separately charged the previous conviction of a felony.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 3, 1931.