[Crim. No. 2850.    Fourth Dist., Div. One.    May 17, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ANGEL BERNARDO GONZALES, Defendant and Appellant.

Fred E. Corbin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert T. Jacobs, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Angel Bernardo Gonzales appeals from a marijuana possession judgment of conviction (Health & Saf. Code, § 11530).

At 11:15 p.m., August 19, 1966, in Kate Sessions Park in the hills above Pacific Beach, where it is unlawful to camp overnight, San Diego Police Officers Hartman and Grigsby came upon a camper vehicle and a 1953 Chevrolet parked side by side about 10 feet apart; watched three to five persons, one a male wearing white levis, leave the camper and move between it and the Chevrolet; parked at the rear of the camper; from outside looked through the camper's open rear door, seeing dark fluid in a gallon jug on a table inside; approached the Chevrolet; and, asked the occupants, three females and Gonzales wearing white levis, to identify themselves and get out of the Chevrolet. From the front seat, two females complied. From the rear seat, one female got out and walked over to the front of the camper. Gonzales got out from the rear seat; walked over to a side walk; stood there for about 10 seconds facing away from officers and vehicles; and, moved over to the front of the camper. The front end of the Chevrolet cut the officers view to Gonzales above the waist while he stood on the sidewalk. Checking up on Gonzales, Hartman found a wax paper bag containing marijuana near the sidewalk where Gonzales had stood. The officers then arrested Gonzales, warning him as required by *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]. Camper owner Roberts consented to search of

the camper. Inside, the officers found marijuana seeds and a marijuana tea pot. Gonzales' shirt pocket contained marijuana debris.

■ Arguing evidence the trial court rejected, Gonzales contends the trial court improperly admitted into evidence the wax paper bag containing marijuana, asserting the officers did not have probable cause to arrest and search before finding the bag. The officers, however, found the bag without conducting a search. They did not need probable cause to pick the bag up from near the sidewalk. Before finding the bag, the officers merely and properly asked for identification and asked the car's occupants to get out. (See *People* v. *Mickelson,* 59 Cal.2d 448 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *One 1960 Cadillac Coupe,* 62 Cal.2d 92 [41 Cal.Rptr. 290, 396 P.2d 706].)

■ The trial court admitted into evidence the marijuana seeds and marijuana tea pot found in the camper. Asserting the trial court admitted this evidence solely against codefendant Roberts, Gonzales claims prejudice. The Attorney General responds arguing it must be assumed the jury followed the trial court's instruction to consider the evidence solely against Roberts, citing *People* v. *Foote,* 48 Cal.2d 20, 23 [306 P.2d 803]; *People* v. *Dabb,* 32 Cal.2d 491, 499 [197 P.2d 1]. The trial court instructed: "In the trial of this case certain evidence was admitted as against one of the defendants but denied admission as against the other. At the time this evidence was received, you were admonished it could not be considered by you as against the other defendant in deciding his innocence or guilt.

"You are again instructed that you must not consider such evidence against the other defendant."

The record indicates 15 exhibits were marked, 14 received into evidence. Of these, only the marijuana debris from defendants' pockets was admitted solely against a particular defendant. The trial court admitted the evidence found in the camper against both Roberts and Gonzales. This was proper. The jury was entitled to find Gonzales, wearing his white levis, when aware the police were arriving, left the camper where he had been jointly possessing marijuana.

■ The trial court admitted evidence showing about September 22, 1966, Gonzales committed narcotics offenses not charged here. Deputy District Attorney John Roche offered the evidence to prove Gonzales knew the narcotic nature of marijuana. In *People* v. *Kelley,* 66 Cal.2d 232, 238-239 [57 Cal.

Rptr. 363, 424 P.2d 947], the California Supreme Court discussed the admissibility of other offenses: ''The general rule is that evidence of other crimes is inadmissible when it is offered solely to prove criminal disposition or propensity on the part of the accused to commit the crime charged, because the probative value of such evidence is outweighed by its prejudicial effect. (Citations.) The purpose of the rule is to avoid placing the accused in a position of having to defend against crimes for which he has not been charged and to guard against the probabiilty that evidence of other criminal acts having little bearing on the question whether defendant actually committed the crime charged would assume undue proportions and unnecessarily prejudice defendant in the minds of the jury, as well as promote judicial efficiency by restricting proof of extraneous crimes. (Citations.)

''However, under certain limited circumstances, when the evidence is sufficiently relevant, it may be admitted even though it embraces evidence of the commission of another crime. In *People* v. *Peete, supra,* 28 Cal.2d 306 [169 P.2d 924], this court pointed out that 'except when it shows merely criminal disposition [citations], evidence that is relevant is not excluded because it reveals the commission of an offense other than than charged,' and noted the general test of admissibility of evidence in a criminal case is whether it tends logically, naturally, and by reasonable inference, to establish any fact material for the People or to overcome any material matter sought to be proved by the defense. (28 Cal.2d at pp. 314-315.) It has frequently been recognized, however, that because of the sound reasons behind the general rule of exclusion, the relevancy of evidence of other crimes, and therefore its admissibility, must be examined with care. [Citation.] The evidence should be received with 'extreme caution,' and if its connection with the crime charged is not clearly perceived, the doubt should be resolved in favor of the accused. [Citations.] In every case the possibility of severing relevant from irrelevant portions of evidence should be considered to protect the accused from undue prejudice. [Citation.]

''In determining the question of relevancy, certain guidelines have been recognized. It is settled that evidence of other crimes is ordinarily admissible where it tends to show guilty knowledge, motive, intent, or presence of a common design or plan. [Citations.]''

This is not the ordinary case to which the last quoted sentence refers. Objecting to the admission of evidence of other

offenses, Gonzales offered to stipulate he knew the narcotic nature of marijuana. This stipulation, he submitted, would remove the issue of knowledge from the case, making the proof of other offenses far more prejudicial than probative.

In *People* v. *Spencer*, 140 Cal.App.2d 97 [294 P.2d 997], alleged heroin seller Spencer, in substance, before the trial court admitted evidence of other offenses to prove knowledge of the narcotic nature of heroin, testified he knew what heroin was. Reversing, and discussing the trial court's admission of the other offense evidence, the reviewing court said: "Since it was already clear that knowledge of the narcotic character of heroin was not in issue there was no reason, and no justification, for the admission of this evidence with the attendant danger of its misuse by the jury despite the cautionary instruction of the court." (Page 105.) Before the introduction of Gonzales' other offenses, Gonzales attempted to make clear that knowledge of the narcotic nature of marijuana was not a contested issue. In substance, Gonzales offered to admit the knowledge element. Gonzales and Deputy Roche, and, therefore, the trial court, treated the offer to admit knowledge as an offer to stipulate. To it, the trial court remarked: "The only problem we have to overcome is this offer of stipulation, and I do not know of anything that compels the District Attorney to accept a stipulation. Now that's up to you.

"I agree with you. I think it should be allowed. I think it should be allowed. I think it's good law. I think if the defendant comes into court and admits, 'I know all about marijuana', for the purpose of knowledge, they should not be allowed to bring in these prior offenses. I don't think it's fair. I don't think it's right. But I don't think it's the law at this point. So I think my ruling would have to be the same as I made yesterday." The trial court admitted the evidence after Deputy Roche refused to accept Gonzales' admission of knowledge. Deputy Roche wanted to use his inflamatory, prejudicial evidence, apparently, to inflame and prejudice, violating, we believe, the basic principles quoted above from *People* v. *Kelley, supra*, 66 Cal.2d 232, 238-239.

We hold Gonzales, before testifying or without testifying, was entitled to do what Spencer did by testifying in *People* v. *Spencer, supra*, 140 Cal.App.2d 97. The trial court, in other words, had the discretion to allow a defendant to admit his knowledge of the narcotic nature of the narcotic he allegedly

possessed, and, thereby, prevent the introduction of prejudicial evidence of other offenses to prove admitted knowledge.

We need not now decide to what extent, if at all, a defendant's attorney has authority to admit an element of an offense for defendant without the court inquiring of defendant.

Judgment reversed.

Coughlin, J., and Whelan, J., concurred.