[Crim. No. 17820. First Dist., Div. Three. Feb. 26, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY SHERREN, Defendant and Appellant.

## Counsel

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, Harriet Wiss Hirsch, Carol Jean Ryan and Tanya Neiman, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Laurence M. May, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**FEINBERG, J.**—Appellant was convicted of a violation of Penal Code section 12021 (felon in possession of a firearm).[1] He was sentenced to state prison. Thereafter, this appeal followed presenting several issues.

A. *May the Prosecution Be Required to Accept Defendant's Stipulation That He Had Been Convicted of a Felony and the Fact of That Conviction Be Kept From the Jury When the Prior Felony Conviction Is an Element of the Crime Charged?*

Appellant was charged with a violation of section 12021. An element of that offense is that appellant had been convicted of a felony. At the outset of the trial, appellant offered to admit the prior felony conviction. He moved the court that the portion of the information charging the prior conviction not be read to the jury and that the jury not be informed in any manner, including therein the form of the verdict of the prior conviction. Appellant further offered to waive any irregularity, as a consequence, in the form of the verdict. Appellant's motion was denied.

The information as read to the jury advised the jury that appellant was being charged with being a felon in possession of a gun. At trial, in open court, it was stipulated that appellant had been convicted of a felony. In its argument to the jury, the prosecution briefly adverted to the conviction.

 Generally, "[a] prosecutor is not required to stipulate to the existence of any elements of the crime he is attempting to prove where the stipulation will impair the effectiveness of the prosecutor's case and foreclose his options to obtain a conviction under differing theories" (*People* v. *Robles* (1970) 2 Cal.3d 205, 213 [85 Cal.Rptr. 166, 466 P.2d 710]) for "there is a strong policy against depriving the state's case of its persuasiveness and forcefulness by forcing the prosecutor to accept stipulations that soften the impact of the evidence in its entirety" (*People* v. *McClellan* (1969) 71 Cal.2d 793, 802 [80 Cal.Rptr. 31, 457 P.2d 871]). However, where the defendant offers to stipulate to an element of the case against him and proof of that element would involve highly prejudicial evidence, it has been held that the prosecution is required to accept the stipulation. Thus, for example, in a heroin case where an element of the offense is that the defendant knows that the substance

---

[1] All section references are to the Penal Code unless otherwise noted.

allegedly possessed or sold is the proscribed narcotic, if the defendant offers to stipulate that he knows what heroin is, the prosecution may not seek to prove that knowledge by evidence that the defendant had been convicted of possession or sale of heroin on some other occasion but must accept the stipulation, unless that conviction is relevant and probative to some other disputed issue in the case. (*People* v. *Gonzales* (1968) 262 Cal.App.2d 286, 290 [68 Cal.Rptr. 578]; *People* v. *Gregg* (1968) 266 Cal.App.2d 389 [71 Cal.Rptr. 920]; *People* v. *Perez* (1974) 42 Cal.App.3d 760, 766 [117 Cal.Rptr. 195], see also *People* v. *Guzman* (1975) 47 Cal.App.3d 380, 389-390 [121 Cal.Rptr. 69].) Typically, however, the jury is advised of the stipulation.

Another line of cases relevant to the issue here has developed involving section 666 (petit theft with a prior). In *People* v. *Carlton* (1881) 57 Cal. 559, appellant was charged with petty larceny with a prior, a violation of section 666.[2] Appellant admitted the prior at arraignment. Appellant was convicted. It appears that the determination of the fact of the prior conviction was not submitted to the jury and, of course, not passed upon by the jury. Interestingly enough, it was the appellant who argued that the question should have been submitted to the jury and that it was error not to do so. The court rejected the argument. It pointed out that under section 1158 (then, as now) if the fact of a previous conviction is alleged, the jury must find whether or not the previous conviction was suffered *unless the defendant admitted the allegation.* Further, the court noted that section 1093 provided (as it does now) that when a prior conviction is alleged and admitted, the clerk, in reading the charge to the jury, shall not read the allegation of the prior conviction to the jury. Thus, the court concluded, since the appellant had admitted the prior conviction, there was no need for the jury to pass upon the question or be made aware of the prior conviction. (Accord *People* v. *Meyer* (1887) 73 Cal. 548.) We move forward now some 76 years to *People* v. *Gallinger* (1963) 212 Cal.App.2d 851 [28 Cal.Rptr. 472].

In *Gallinger,* defendant was charged with a petty theft with a prior (§ 666). At the onset of the trial, Gallinger, outside the presence of the jury, admitted the prior conviction. While no evidence of the prior was adduced, the trial court instructed the jury that the charge was petty theft with a prior and that the defendant had admitted the prior.

---

[2]While section 666 has undergone a number of changes over the past 100 years, so far as the issue involved here is concerned, it has remained substantially the same.

Upon appeal from his conviction, Gallinger argued that since he had admitted the prior, the jury should not have been apprised of the prior. The court agreed. However, its *ratio decidendi* went beyond the *Carlton* decision, *supra,* 57 Cal. 559. The *Gallinger* court took the view that if the prior conviction was an element of the crime charged then the prosecution would be entitled to prove that fact and the jury to determine it, nor could the defendant avoid it by admitting the fact of the prior conviction for "In such cases [Penal Code] sections 1025 and 1093 can have no application, since whenever the fact of a felony conviction is an element of the offense the defendant could never be convicted without evidence before the trier of fact that the conviction had been suffered." (*People* v. *Gallinger, supra,* 212 Cal.App.2d at p. 855.) However, if the prior conviction is not an element of the crime charged but represents only an enhanced punishment, then sections 1025 and 1093 do apply. (See also *People* v. *Oppenheimer* (1909) 156 Cal. 733, 738 [106 P. 74].) The court pointed out that there were several conflicting views as to the proper procedure in a prosecution under section 666 and held that such a case should be tried *"as if* the former misdemeanor conviction is not an element of the crime of felony." (Italics added.) (212 Cal.App.2d at p. 856.)

Another line of cases developed under section 4500 and its predecessor, section 246 (assault by a life prisoner), wherein it was held that even though defendant had admitted he was a life-termer at arraignment, the prosecution was still required to prove, at trial, that the defendant was a life-termer. Thus, sections 1093 and 1025 do not apply. (*People* v. *Oppenheimer, supra,* 156 Cal. at p. 739; *People* v. *Robles, supra,* 2 Cal.3d at p. 213.)

Finally, a series of cases have arisen that have squarely held that in a prosecution under section 12021, the fact of the prior felony conviction, even though admitted by defendant, may not be withheld from the jury. The seminal case in this sequence appears to be *People* v. *Forrester* (1931) 116 Cal.App. 240 [2 P.2d 558]. In *Forrester,* the defendant was charged with being a felon in possession of a concealable firearm in violation of the precursor statute to section 12021. Defendant pleaded not guilty but admitted the prior felony conviction. At trial, after the jury was sworn, the information was read to the jury, including therein over defendant's objection, the allegation that defendant had been convicted of a felony. At trial, the prosecution was allowed to prove, again over defendant's objection, the fact of the conviction. Defendant was found guilty.

In affirming the judgment, the court held that section 1025 did not apply where the prior conviction is "a substantive part of the offense" for to hold otherwise "it would be impossible ever to convict the defendant on this charge." (*Id.,* at p. 242.) Further, despite the admission of the prior conviction, by pleading not guilty, defendant had put in issue the prior conviction and, hence, the prosecution was required to prove it before the jury.

Finally, the court said, if a further ground for reconciling the gun control statute and section 1025 was necessary, since the gun control statute was much later in time of enactment to section 1025, it "is of necessity, *pro tanto,* a repeal of said section 1025." (*Id.,* at p. 242.)

*Forrester* cited no authority for its holding; rather, its pronouncement seems to be in the nature of an *ipse dixit.*

No purpose would be served in detailing the cases that followed.[3] The most recent reported case in this sequence that we have found is *People* v. *Morrison* (1977) 67 Cal.App.3d 425 [136 Cal.Rptr. 650]. The court there held that where the prior conviction is an element of the offense charged, the prosecutor cannot be precluded from proving the fact of the prior conviction before the jury by defendant's offer to stipulate to the fact. Quoting from *People* v. *Robles, supra,* 2 Cal.3d 205, 213, the *Morrison* court said " '[a] prosecutor is not required to stipulate to the existence of any elements of the crime he is attempting to prove *where the stipulation will impair the effectiveness of the prosecutor's case* . . . .' " (Italics added.) (At p. 428.)

We now attempt our own analysis.

1. We can see no legal distinction between the line of cases involving section 666 and section 12021 in the aspect of whether the prior conviction is an element of the offense charged. It is true that in the section 666 case, there is another offense involved, i.e., the petty theft, whereas in the section 12021 charge, possession of a concealable firearm, is not per se a criminal offense. But this is a distinction without a difference. In a section 666 case, if the prior conviction is not proven, the

---

[3]In *People* v. *Rist* (1976) 16 Cal.3d 211 [127 Cal.Rptr. 457, 545 P.2d 833], in discussing the use of prior convictions for *impeachment* purposes, the court points out that its discussion does not relate to the use of prior convictions for other permissible uses, such as where the prior conviction is an element of the offense. (*Id.,* at p. 222, fn. 10.) But *Rist* does not discuss, much less suggest a holding, the issue at bench here.

defendant cannot be found guilty of the *felony charge of violating section 666* even if the jury finds that the defendant did commit the charged theft. It is true that the jury in such circumstances could find the defendant guilty of the misdemeanor of petty theft (§§ 484-488) but that is because petty theft is a necessarily lesser included offense of the section 666 offense charged. This is, of course, quite different from the allegation of a prior conviction simply to enhance punishment. For example, if a defendant is charged with robbery and a prior conviction is alleged, should the jury find the defendant committed the robbery, he will be found guilty thereof regardless of whether the prior conviction is proven or not proven.

2. If we are correct in asserting that the prior conviction in a section 666 prosecution is an element of the offense, then prosecutions under sections 666, 4500 and 12021 have this common characteristic—each involves an offense where an element of the offense is what the court in *Robles, supra,* 2 Cal.3d 205, called the "legal status" of the alleged offender, i.e., a life prisoner under section 4500, a convicted felon under section 12021, under section 666, a conviction for petty theft for which offense a term of confinement was served. (*People* v. *Robles, supra,* 2 Cal.3d at p. 213.)

3. Thus, the argument advanced in *Forrester, supra,* 116 Cal.App. 240, regarding the impossibility of a conviction, would seem to be illusory in light of the convictions under section 666 where the prior conviction was admitted and kept from the jury.

4. If we take the rule to be as stated in *Robles, supra,* i.e., that the prosecution cannot be compelled to stipulate to an element of the offense where such stipulation might impair the effectiveness of the prosecution's case or restrict the possibility of proving guilt under different theories, then it would seem to be implicit that if none of these untoward consequences were to be apprehended, and if the prosecution's refusal to enter into the stipulation results in the introduction before the jury of prejudicial evidence, then there would be prejudicial error.

5. ██ Applying this test to the case at bench, we note that the Attorney General asserts that to force such a stipulation would "considerably" weaken the prosecution's position, for to ask "a jury to find someone guilty of possession of a handgun is considerably different than [*sic*] asking them to find a felon guilty of possession of a handgun." Beyond the naked assertion, respondent does not explicate *how* the stipulation would weaken the prosecution's case and probably for good

reason. The only way it "weakens" the prosecution's case is that it avoids the prejudicial impact upon the jury of knowing that the defendant is a felon. The prior felony conviction in no way affects the orderly presentation of evidence on the sole disputed issue in the case, i.e., did the defendant possess a firearm? A stipulation to the prior conviction would not foreclose any theory of guilt upon which a conviction could be obtained. Nor can we apprehend how the prior conviction has any probative value recognized in law on the issue of whether the defendant possessed a gun. In fact, the prior conviction, as evidence of the fact of possession, tends only to show a criminal disposition and it is black letter law that for such purpose it would be inadmissible. (Evid. Code, § 1101, subd. (b).)

In short, when the defendant offers to stipulate to the fact of the prior felony conviction in a section 12021 prosecution, he has given to the prosecution all the benefit, as it were, that the prosecution could legitimately obtain if it had to prove the conviction by the introduction of evidence. All that the prosecution is denied by the stipulation is the prejudicial effect upon the jury of knowing that defendant is a felon.

Accordingly, in our view, the prosecution was required to accept the stipulation and the trial court erred in not proceeding as if the prior conviction was not an element of the offense under section 12021.[4]

While we recognize our holding departs from the rule in *Morrison, supra,* 67 Cal.App.3d 425,[5] and the cases that preceded it, we believe our views are in accord with the decisions in the narcotics cases and in the section 666 cases discussed above. We note, too, that the Supreme Court did not reject the possibility that "status" cases might be different from cases where the defendant offers a stipulation as to a disputed factual issue. (See *People* v. *Robles, supra,* 2 Cal.3d at p. 213.)

---

[4]As to the form of verdict that might be employed, consideration could be given to using special verdicts, sections 1150, 1152-1155, or the verdict could allege defendant was a member of a class that could not lawfully possess a concealable firearm. We are confident in the ability of trial judges to work out an elegant circumlocution and artful solutions to the problem.

[5]*Morrison* has been criticized as follows:

"*Morrison,* however, was clearly decided incorrectly. Its holding is plainly untenable and indefensible. The *Morrison* court simply ignored Evid C § 210, which defines 'relevant evidence' as evidence that has a 'tendency in reason to prove or disprove any disputed fact' in an action. If a fact is *not* disputed, evidence offered to prove the fact is irrelevant. And Evid C § 350 provides that '[n]o evidence is admissible except relevant evidence.'

"Evidence Code § 210 makes no exception for criminal actions. Its plain language makes evidence offered on an *undisputed* issue in any action—civil or criminal—irrele-

■ We have said that error of a prejudicial nature was committed. Does the error require reversal?

The error was not of constitutional dimension (*Spencer* v. *Texas* (1967) 385 U.S. 554 [17 L.Ed.2d 606, 87 S.Ct. 648]),[6] therefore, whether it requires reversal depends upon whether a result more favorable to appellant was reasonably probable if the error had not occurred. (*People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243].)

For this purpose, we briefly recapitulate the evidence.

Two uniformed officers, in a police vehicle, were directed to a certain area. They got out of their car when they arrived. One officer heard a sound in a backyard area as though a person were climbing over a fence and running. He informed the other officer who then encountered appellant rounding the corner of an establishment known as the Carioca Club, walking rapidly, though not out of breath, from a direction which could have been where the sound came from. Appellant was detained and placed in the police car. A few moments later, a woman approached the officer and told him the following: she had been seated in an automobile and had seen the man being detained peer around a corner of the Carioca Club, and then place a dark object with something white around it on a nearby small bush; appellant then walked to the end of the building and, as it developed, was apprehended as he turned the corner

---

vant and hence inadmissible by the express provisions of Evid C § 350. The *Morrison* court should have held that Evid C §§ 210 and 350 constituted a bar to the prosecution's introduction of evidence of D's commission of the forgery once D conceded the existence of that element of the offense charged against him." (Jefferson, Cal. Evidence Benchbook (1978 Supp.) § 20.2, pp. 170-171.)

[6] In the *Spencer* case at issue were Texas recidivist (habitual criminal) statutes. Spencer was indicted for murder with malice. It was also alleged that he had previously been convicted of murder with malice. Under Texas law, if the prior conviction were proved, the punishment for the charged murder was death or life imprisonment, whereas, if the prior conviction were not proved, then the punishment was death or imprisonment for not less than two years. In Texas, the jury fixed the punishment.

Spencer offered to admit his prior conviction, and over his objections but in accordance with Texas law, the portion of the indictment alleging the prior conviction was read to the jury and thereafter evidence introduced to prove that prior conviction.

The majority held that the Texas procedure did *not* deny the defendant procedural due process of law.

Chief Justice Warren dissenting and joined by three other justices held that defendant was denied due process.

The Chief Justice's reasoning in this penalty-enhancing-prior-conviction context would seem to apply with equal cogency to the case at bench even though, in the instant case, the prior conviction is an element of the offense. (Dis. opn. of Warren, C. J.)

of the building. The woman pointed out the bush. On top of the bush an Italian-made 7.65 caliber loaded semi-automatic pistol wrapped in white gloves was found. A little later, in an area behind the club, a live round of ammunition of identical caliber was also found.

The woman identified appellant as the person who placed the objects on the bush, not only at the scene, but at trial.

The defense offered one witness only who, as one familiar with the general area, merely testified as to the topography of the scene at the time of the event in question. The witness had not been present at the time of the incident. No other evidence was adduced on behalf of appellant.

The evidentiary aspect of the case took no more than approximately seven hours. The jury deliberated about 11 hours before it arrived at its verdict. Though the jury deliberated at considerable length considering the brevity of the trial, it does not appear to us that a result more favorable to appellant would have been probable if the jury had not been informed that he was a felon.

The case against appellant rested upon his identification by the woman witness as the person who placed the objects (pistol and gloves) on the bush. If the jury believed her, as their verdict shows they did, appellant was guilty beyond any reasonable doubt. If, on the other hand, the jury did not believe her, they would have acquitted. It does not appear likely that the fact that appellant was a felon could affect one way or the other the credibility of the witness.

We conclude, therefore, that the error did not result in a miscarriage of justice and is, therefore, not reversible. (Cal. Const., art. VI, § 13.)

B. ■ *Was It Error for the Court to Have Taken Judicial Notice That Appellant Had Failed to Appear at a Pretrial Hearing and, Premised Upon That Failure, to Have Given a "Flight" Instruction, CALJIC No. 2.52?*

The information in this case was filed in June 1975. Appellant failed to appear at a pretrial hearing on August 8, 1975. The hearing was continued one week and again he failed to appear. A bench warrant was issued for his arrest.

At trial, the prosecution requested the court to take judicial notice of the failure to appear, and over appellant's objection, the court did so. There was no evidence as to why appellant failed to appear.

In his closing argument, the prosecutor advised the jury that it could infer from appellant's failure to appear that the reason therefor was that appellant knew he was guilty and wanted to evade trial. The court gave CALJIC No. 2.52[7] on flight as showing a consciousness of guilt.

Appellant complains that (1) the evidence was irrelevant because it occurred so long after the commission of the offense and the presentation of a formal accusation, and was susceptible to many other interpretations; (2) whatever probative value the evidence had, it was outweighed by its prejudicial effect; (3) no flight instruction should have been given, but the one approved by *People* v. *Hill* (1967) 67 Cal.2d 105, 120, footnote 9 [60 Cal.Rptr. 234, 429 P.2d 586], was preferable to the CALJIC instruction which was given. (The *Hill* version substitutes for the last sentence of the CALJIC the following: " 'Whether or not evidence of flight shows a consciousness of guilt, and the significance to be attached to such a circumstance, are matters for your determination.' ")

(1) Appellant's assertion as to the relevancy of the failure to appear, coming as it did some length of time after the filing of the information, goes to a question of the weight of the evidence, not its admissibility. Whether appellant's absence showed a consciousness of guilt and the weight to be accorded such evidence are matters reserved for the jury. (*People* v. *Olea* (1971) 15 Cal.App.3d 508, 515-516 [93 Cal.Rptr. 265].)

(2) We cannot say that the trial court should have exercised its discretion under section 352 of the Evidence Code to exclude the evidence on the ground that the prejudicial effect of the judicially noticed absence outweighed its probative value. If the jury drew the inference from appellant's failure to appear that appellant had a consciousness of guilt, then, obviously, the probative value was substantial. On the other hand, if the jury did not draw such an inference, the prejudicial effect of the jury knowing that appellant had missed a court appearance, would be minimal.

---

[7]CALJIC No. 2.52 provides: "The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding the question of his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine."

(3) As between the *Hill* and CALJIC versions of the flight instruction, there is no authority for appellant's position that the former is preferable except *People* v. *Guzman, supra,* 47 Cal.App.3d 380, 388, which says, however, that "the instruction approved in *People* v. *Hill* ... may be preferable to the standard instruction in cases where defendant offers evidence of other possible explanations for his flight" which is not the case here. Accordingly, we find no error here.

One matter remains to be noted. Appellant was charged under section 12021. In addition, he was charged with a prior conviction under section 969, which fact he admitted. The abstract of judgment recites the conviction under section 12021 and the prior conviction under section 969. But the prior conviction under section 969 is the same prior conviction that was an element of the section 12021 prosecution. This dual use of the one prior conviction is improper (*People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995]) and should be stricken.

The judgment is modified by striking the finding that appellant suffered a prior felony conviction within the meaning of section 969, and as so modified, the judgment is affirmed.

White, P. J., concurred.

**SCOTT, J.**—I concur in the result, but disagree with the majority's holding that the prosecution must accept a defendant's proffered stipulation that he is a felon when charged with a violation of Penal Code section 12021 (felon in possession of a firearm). In so holding the majority is departing from nearly 50 years of settled law. (See *People* v. *Forrester* (1931) 116 Cal.App. 240 [2 P.2d 558].) The most recent case reaffirming the contrary principle is *People* v. *Morrison* (1977) 67 Cal.App.3d 425 [136 Cal.Rptr. 650], hearing denied by the Supreme Court, wherein the court stated (at pp. 427-428): "The existence of a prior felony conviction was an element of the offense charged in the firearms count. Thus, appellant could not, 'by admitting the felony conviction out of the presence of the jury, preclude its introduction into evidence.' [citations], where it was held that admission of a prior petty theft conviction on a charge of petty theft with a prior conviction of petty theft precludes proof of the prior

conviction because, in that instance, the prior conviction is an augmentation of penalty and 'is not an element of crime' [212 Cal.App.2d at p. 855].) Here, a prior felony conviction was an element of the presently charged offense. Hence, the prosecutor was entitled to establish that fact before the jury." No clearer expression of the rule or the reasons therefor need be made.

A petition for a rehearing was denied March 28, 1979. Scott, J., was of the opinion that the petition should be granted. Respondent's petition for a hearing by the Supreme Court was denied April 19, 1979. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.